## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

VDPP, LLC

          Plaintiff,

   v.

FORD MOTOR COMPANY,

          Defendant

Case No. 2:23-cv-11462
Hon. Matthew F. Leitman
Magistrate Judge Anthony P. Patti

## FORD MOTOR COMPANY'S MOTION TO DISMISS

Defendant Ford Motor Company moves to dismiss the Complaint of Plaintiff VDPP, LLC for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).  A Brief in support of this Motion is attached.

Pursuant to Local Rule 7.1, there was a conference between Ford's counsel and Plaintiff's counsel in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

Dated: August 28, 2023

By: /s/ Stephanie A. Douglas
   Stephanie A. Douglas (P70272)
   douglas@bsplaw.com
   Bush Seyferth PLLC
   100 W. Big Beaver Rd., Suite 400
   Troy, MI 48084
   Telephone: (248) 822-7800
   Facsimile: (248) 822-7852

Justin E. Pierce
JEPierce@Venable.com
Charles J. Monterio, Jr.
CJMonterio@Venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 344-4569

J. Daniel Kang
JDKang@Venable.com
VENABLE LLP
151 West 42nd Street, 49th FL
New York, NY 10036
Phone: (212) 503-9838

*Attorneys for Defendant*
*Ford Motor Company*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| VDPP, LLC<br><br>              Plaintiff,<br><br>      v.<br><br>FORD MOTOR COMPANY,<br><br>              Defendant | Case No. 2:23-cv-11462<br>Hon. Matthew F. Leitman<br>Magistrate Judge Anthony P. Patti |

**FORD MOTOR COMPANY'S BRIEF**
**IN SUPPORT OF ITS MOTION TO DISMISS**

## STATE OF ISSUE PRESENTED

Does Plaintiff VDPP LLC's Complaint state a plausible claim for direct or indirect patent infringement against Defendant Ford Motor Company upon which relief may be granted?

Defendant Ford Motor Company answers no.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

*Lifetime Indus., Inc. v. Trim-Lok, Inc*., 869 F.3d 1372 (Fed. Cir. 2017)

**Statutes**

35 U.S.C. § 271

**Rules**

Fed. R. Civ. P. 12

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................1

II.  STATEMENT OF FACTS .....................................................................3

III. ARGUMENT..........................................................................................7

   **A.**   VDPP's direct-infringement allegations are conclusory, speculative, and contradict VDPP's own claims...................................................................7

   **B.**   VDPP's indirect infringement claims should also be dismissed................13

IV. CONCLUSION.....................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Apollo Fin., LLC v. Cisco Sys., Inc.*,
190 F. Supp. 3d 939 (C.D. Cal. 2016) ...............................................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................1, 7, 9

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016) ................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................1, 7, 9

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................13

*Boundaries Solutions Inc. v. CoreLogic, Inc.*,
C.A. No. 5:14-cv-00761-PSG, 2014 WL 7463708 (N.D. Cal. Dec.
30, 2014) ..........................................................................................................16

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)..........................................................................................14

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)..........................................................................................14

*Jenkins v. LogicMark, LLC*,
C.A. No. 3:16-CV-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25,
2017) ................................................................................................................10

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017) ........................................................................14

*Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*,
472 F. Supp. 3d 377 (E.D. Mich. 2020) ........................................................9, 15

*Monec Holding AG v. Motorola Mobility, Inc.*,
897 F. Supp. 2d 225 (D. Del. 2012)..................................................................15

*Nanosys, Inc. v. QD Vision, Inc.*,
C.A. No. 16-cv-01957, 2016 WL 4943006 (N.D. Cal. Sep. 9, 2016) ...................................................................................................15

*Novitaz, Inc. v. inMarket Media, LLC*,
C.A. No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017) ...................................................................................................10

*Progme Corp. v. Twenty-First Century Fox, Inc., C.A.*,
C.A. No. 2:18-cv-11057-DPH-MKM, 2023 WL 3608787 (E.D. Mich. May 23, 2023) ................................................................................9, 10

*Schwendimann v. Stahls', Inc.*,
510 F. Supp. 3d 503 (E.D. Mich. 2021) ...........................................................15

*Webasto Thermo & Comfort N. Am., Inc v. BesTop, Inc.*,
C.A. No. 2:16-cv-13456-PDB-RSW, 2017 WL 4535290 (E.D. Mich. Oct. 11, 2017) .........................................................................................9

*Wi-Lan USA, Inc. v. Research in Motion Limited*,
C.A. No. 12-cv-24349, 2013 WL 12092486 (S.D. Fl. Jun. 6, 2013) .................16

## Court Rules

Federal Rules of Civil Procedure Rule 12(b)(6) ......................................................7

## I.    INTRODUCTION

VDPP, LLP ("VDPP") claims that Ford Motor Company ("Ford") uses a reverse-driving, blind-spot-mitigation system to directly and indirectly infringe VDPP's 3D-movie eyeglasses patents.[1]  Even when reviewing VDPP's allegations in its favor, they fail to meet *Iqbal* and *Twombly*'s plausibility standards and, if carefully considered, contradict VDPP's claims against Ford.  The Complaint should be dismissed.

The three Patents-in-Suit are directed to technology used in electric eyeglasses that allows a wearer to view two dimensional movies in three dimensions.[2]  *See e.g.*, '123 Patent, PageID.201, at 2:26-30.  According to the inventors, the purported

---

[1] Just since filing this action, VDPP has also sued at least seven other auto manufacturers with similar bare-bone pleadings, each with an attached "Patent Claims Analysis" stating that "since" those auto manufacturers' systems also use "an LCD (or an LED, or OLED) screen," they necessarily infringe the Patents-in-Suit.  *See, e.g., VDPP, LLC v. Volkswagen Group of America, Inc.*, S.D.Tx No. 23-cv-02961, Doc. 1-2; *see also VDPP, LLC v General Motors Company*, W.D.Tx No. 23-cv-00956, *VDPP, LLC v. Nissan North America, Inc.*, W.D.Tx.  No. 23-cv-00957, *VDPP, LLC v. Toyota Motor North America, Inc.*, W.D.Tx No. 23-cv-00958, *VDPP, LLC v. American Honda Motor Co. Inc.*, N.D.Tx. 23-cv-00843, *VDPP, LLC v BMW of North America, LLC*, E.D.Tx. No. 23-cv-00365, *VDPP v. Kia America, Inc.*, 23-cv-00367.

[2] Part of an ever-growing family of patents that allegedly claim priority to a provisional application first filed in July 2, 2000, the Patents-in-Suit—U.S. Patent Nos. 10,951,881 (the "'881 Patent"), 11,039,123 (the "'123 Patent"), and 9,426,452 (the "'452 Patent")—"relate[] to an electrically controlled spectacle frame and optoelectronmic (*sic*) lenses housed in the frame."  ECF No. 1, PageID.3-4, 6, at ¶¶ 7, 14, and 21.

invention "provide[s] [3D Spectacles] system by which ordinary 2-dimensional motion pictures can be viewed in part as a 3-dimensional motion pictures." *Id.* at 2:46-50.

VDPP claims that these patents are directly and indirectly infringed by Ford's Surround View System—an in-vehicle display that provides a real-time, two-dimensional view around a vehicle, allowing for blind-spot mitigation as the driver reverses. Neither direct nor indirect infringement is plausibly alleged.

For direct infringement, rather than alleging facts describing how Ford's accused system meets each element of at least one claim, VDPP rests on conclusory allegations that merely parrot the claim language, regarding the so-called "well-known" nature of LCDs. VDPP provides no explanation as to what is supposedly well-known, by whom, or how that information ties to VDPP's claims within the Patents-in-Suit, which require removing different portions of a stitched image to create modified images and later blending each resultant modified image with a bridge image. VDPP's empty, conclusory allegations fail as a matter of law.

For indirect infringement, VDPP fails to allege facts that would plausibly support an inference that, before suit, Ford had both (1) knowledge of the Patents-in-Suit and (2) knowledge of acts by others that constitute infringement of the Patents-in-Suit. Instead, VDPP's Complaint merely alleges that Ford has "actively encouraged or instructed others . . . on how to use its products and services . . . such

2

as to cause infringement," which is a formulaic conclusion that does not state a plausible claim of induced or contributory infringement as a matter of law.

Because VDPP's allegations fail to state a direct or indirect infringement claim, VDPP's Complaint against Ford should be dismissed.

## II.     STATEMENT OF FACTS

As illustrated in FIG. 1, the patents are directed to electric 3D motion picture glasses.  The inventors purport to have discovered a method for viewing a 2D motion picture in 3D that "entails repetitive presentation to the viewer of at least two substantially similar image pictures alternating with a third visual interval or bridging picture that is substantially dissimilar to the other substantially similar pictures in order to create the appearance of continuous, seamless and sustained directional movement."  *See e.g.*, '123 Patent, PageID.204, at 8:61-67.



FIG 1

3

Relevant to this motion, the inventors' purported method blends "adjacent pictures together on an additional picture-frame and [places] the blended picture between the pictures in sequential order." *Id.*, PageID.205, at 9:34-36.   More specifically, in the specification, the inventors describe that "two image pictures (A, B) are [] blended with each other to produce (A/B); the two image pictures are also blended with the bridging picture to produce (C/A and B/C), and then all pictures repeat in a series starting with the bridging picture (C, C/A, A, A/B, B, B/C) each blended picture being represented by the two letters with a slash therebetween)." *Id.* at 9:36-42.

VDPP claims that Ford's Surround View System infringes claim 1 of the '881 Patent, claim 1 of the '123 Patent, and claim 2 of the '452 Patent.  As the emphasis in the chart below demonstrates, each of these claims requires four steps: (1) stitching together two images, (2) generating three modified image frames (each with a portion removed), (3) blending each of those modified images with a bridge frame to generate three blended image frames, and (4) displaying the blended frames.

| '881 Patent Claim 1 | '123 Patent Claim 1 | '452 Patent Claim 2 |
|---|---|---|
| An apparatus comprising: | An apparatus adapted to: | An apparatus comprising: |
| a storage adapted to: | | a storage adapted to: |
| store one or more image frames; and | | store one or more image frames; and |
| a processor adapted to: | | a processor adapted to: |

4

| | | |
|---|---|---|
| obtain a first image from a first video stream; | obtain a first image from a first video stream; | obtain a first image from a first video stream; |
| obtain a second image from a second video stream, wherein the first image is different from the second image; | obtain a second image from a second video stream, wherein the first image is different from the second image; | obtain a second image from a second video stream, wherein the first image is different from the second image; |
| *stitch* together the first image and the second image to generate a stitched image frame; | *stitch* together the first image and the second image to generate a stitched image frame; | *stitch* together the first image and the second image to generate a stitched image frame; |
| *generate a first modified image frame by removing a first portion of the stitched image frame;* | *generate a first modified image frame by removing a first portion of the stitched image frame;* | *generate a first modified image frame by removing a first portion of the stitched image frame;* |
| *generate a second modified image frame by removing a second portion of the stitched image frame;* | *generate a second modified image frame by removing a second portion of the stitched image frame;* | *generate a second modified image frame by removing a second portion of the stitched image frame;* |
| *generate a third modified image frame by removing a third portion of the stitched image frame;* | *generate a third modified image frame by removing a third portion of the stitched image frame;* | *generate a third modified image frame by removing a third portion of the stitched image frame;* |
| wherein the first modified image frame, the second modified image frame, and the third modified image frame are different from each other; | wherein the first modified image frame, the second modified image frame, and the third modified image frame are different from each other; | wherein the first modified image frame, the second modified image frame, and the third modified image frame are different from each other; |
| identify a bridge frame that is a non-solid color; | identify a bridge frame that is a non-solid color; | identify a bridge frame; |

| | | |
|---|---|---|
| *blend the first modified image frame with the bridge frame to generate a first blended frame;* | *blend the first modified image frame with the bridge frame to generate a first blended frame;* | *blend the first modified image frame with the bridge frame to generate a first blended frame;* |
| *blend the second modified image frame with the bridge frame to generate a second blended frame;* | *blend the second modified image frame with the bridge frame to generate a second blended frame;* | *blend the second modified image frame with the bridge frame to generate a second blended frame;* |
| *blend the third modified image frame with the bridge frame to generate a third blended frame;* | *blend the third modified image frame with the bridge frame to generate a third blended frame;* | *blend the third modified image frame with the bridge frame to generate a third blended frame;* |
| | | overlay the first blended frame, the second blended frame, and the third blended frame to generate a combined frame; |
| display the first blended frame, the second blended frame, and the third blended frame. | display the first blended frame, the second blended frame, and the third blended frame. | display the combined frame. |

In its Patent Claims Analyses exhibits accompanying VDPP's Complaint, VDPP states that Ford's Surround View System infringes steps (2) and (3) because:

1) "It is well-known this is how LCD works.

The Ford Surround View System removes the [Green and Blue/Red and Blue/Red and Green] color from the stitched image frame (leaving just the [Red/Green/Blue]) to generate a [first/second/third] modified image frame."

and

2) "It is well-known this is how LCD works.

The Ford Surround View System blends the [first/second/third] modified image frame with the bridge frame (parking guidelines) to generate a [first/second/third] blended image."

*See* ECF No. 1-2 at PageID.134-136, 139-141; ECF No. 1-4 at PageID.266-268, 271-273; and ECF No. 1-6 at PageID.340-342, 345-347.

## III.    ARGUMENT

To survive a Rule 12(b)(6) motion to dismiss, VDPP's "complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Twombly*, 550 U.S. at 555.

### A.    VDPP's direct-infringement allegations are conclusory, speculative, and contradictory to VDPP's own claims.

Read in context, each of the three asserted claims requires: (1) stitching images from two different video streams to generate a stitched image frame; and (2)

from that stitched image frame, removing different portions to generate three different modified image frames. *See* Section II, above. Once the three modified image frames are generated, the asserted claims require: (3) each to be blended with a bridge frame to generate a first blended frame, a second blended frame, and a third blended frame: and (4) the resulting blended frames to be displayed. *Id.*

VDPP's direct infringement claims fail to provide plausible factual allegations as to why Ford's Surround View System meets these claim elements.

For example, with respect to the second and third elements for generating three modified image frames from a stitched image and later blending the modified frames with a bridge frame, VDPP alleges that "It is well-known this is how LCD works." ECF No. 1-2 at PageID.134-136; ECF No. 1-4 at PageID.266-268; and ECF No. 1-6 at PageID.340-342. VDPP provides no explanation as to what is supposedly well-known, by whom, or how that information ties into VDPP's claim language that requires removing *different portions* of a stitched image to create modified images and later blending each resultant modified image with a bridge image. Instead, VDPP states, conclusively, that Ford's Surround View System removes *different colors* from the alleged stitched image to generate modified image frames, *id.*, and blends the modified image frames with a bridge frame (parking guidelines). *See* ECF No. 1-2 at PageId.139-141; ECF No. 1-4 at PageID.271-273; and ECF No. 1-6 at PageID.345-347.

These allegations fail as a matter of law.  They are nothing more than conclusions and speculation upon speculation—first that because of something allegedly "well-known" about the way LCDs work, the Surround View system in Ford vehicles must also work that way, and also that *that*way necessarily meets the specific claim limitations.  But VDPP does not actually allege ***why*** it is plausible that Ford's Surround View System meets these claim limitations.  VDPP simply jumps straight to conclusive allegations that merely parrot the claim language—an analysis that this Court has routinely held insufficient.  *See, e.g., Progme Corp. v. Twenty-First Century Fox, Inc.*, C.A. No. 2:18-cv-11057-DPH-MKM, 2023 WL 3608787, *6 (E.D. Mich. May 23, 2023) (dismissing plaintiff's patent infringement claims for "merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element amounts to little more than a conclusory statement that 'Your product infringes my patent claim' and fails to state a plausible claim of infringement under *Twombly* and *Iqbal*.") (quotations marks omitted); *Webasto Thermo & Comfort N. Am., Inc v. BesTop, Inc.*, C.A. No. 2:16-cv-13456-PDB-RSW, 2017 WL 4535290, at *5 (E.D. Mich. Oct. 11, 2017) (dismissing defendant's counterclaims that "merely recite bare legal conclusions and fail to allege sufficient factual content to support a plausible inference of liability."); *Mich. Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 387 (E.D. Mich. 2020) (dismissing infringement allegations that are "entirely

9

conclusory and lack supporting facts, and therefore it does not meet Rule 8(a)(2)'s requirements."); *see also Novitaz, Inc. v. inMarket Media, LLC*, C.A. No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (dismissing direct infringement claims where "many of [Plaintiff's] allegations merely parrot claim language" and finding these are "not factual allegations").

In *Progme*, this Court found that, for certain claim elements, plaintiff's complaint "merely state[d] that a 'virtual machine enabling said Android Runtime' performs the functions claimed in the [asserted] Patent" and such "conclusory statements that a 'virtual machine' (which is not otherwise defined or identified) practices the [asserted] patent do not save the fact that the Second Amended Complaint is devoid of any factual allegations that could plausibly state a claim for infringement by these Defendants." *Progme*, 2023 WL 3608787 at *5. VDPP's Complaint here likewise conclusively alleges that Ford's Surround View System infringes because "It is well-known this is how LCD works" without alleging any facts on *how* or *why* it is plausible that Ford's accused product performs those functions. Thus, VDPP's direct infringement claims should similarly be dismissed.[3]

---

[3] The same is true in other districts. Numerous courts have dismissed plaintiffs' formulaic patent infringement allegations. *See, e.g.*, *Jenkins v. LogicMark, LLC*, C.A. No. 3:16-CV-751-HEH, 2017 WL 376154, at *3 (E.D. Va. Jan. 25, 2017) (dismissing complaint which did "little more than recite the elements of direct infringement" and failed to "identify with any particularity how each allegedly infringing feature of the accused products infringe[d] any of the named patents"); *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016) (finding

Further, to the extent VDPP can be said to allege facts, those facts are inconsistent with and contradictory to VDPP's infringement claims.  Recall that the Patents-in-Suit each require four steps: (1) stitching together two images; (2) generating three modified image frames (each with a portion removed); (3) blending each of those modified images with a bridge frame to generate three blended image frames; and (4) displaying the blended frames.  And assume for the moment that VDPP had plausibly alleged that Ford's Surround View System met the first two steps. Even so, VDPP does not plausibly allege that Ford's Surround View System blends (in three separate instances) a bridge frame with each of those modified images, as required by the claims. In fact, VDPP's *actual factual* allegations allege the opposite.

In step 1, VDPP cites the following image as the "original" stitched image frame that is generated by stitching together a first image from a first video stream and a second image from a second video stream:

---

that "factual allegations that do not permit a court to infer that the accused product infringes each element of at least one claim are not suggestive of infringement— they are merely compatible with infringement"); *Apollo Fin., LLC v. Cisco Sys., Inc.*, 190 F. Supp. 3d 939, 943 (C.D. Cal. 2016) (dismissing direct infringement claims finding that plaintiff "does not state a plausible claim for patent infringement by simply identifying the allegedly infringing products and reciting the elements of a patent infringement claim in a conclusory fashion, absent any factual support.").



<https://www.ford.com/trucks/f150/models/f150-limited/#360-degree-camera-package>
2018-10-28

*See* ECF No. 1-2 at PageID.132; ECF No. 1-4 at PageID.264; and ECF No. 1-6 at PageID.338.   This stitched image frame is supposed to be *before* creating three modified images and blending each with a bridge frame.

Then, in step 4, for the "final" step of displaying the blended image, which is supposed to be *after*-creating three modified images and blending each with a bridge frame (supposedly, the parking guidelines), VDPP cites the identical image:



<https://www.ford.com/trucks/f150/models/f150-limited/#360-degree-camera-package>
2018-10-28

*See* ECF No. 1-2 at PageID.142; ECF No. 1-4 at PageID.275; and ECF No. 1-6 at PageID.349.

If the cited image is indeed the "stitched image" *and* the "blended image," the claimed "blending" with the bridge frame occurred *prior to* generation of the first/second/third modified image.  If VDPP's factual allegations are accepted as true, VDPP's "Patent Claims Analysis" confirms that Ford does *not* infringe the Patents-in-Suit.  VDPP's allegations are inconsistent with the plain language of the claim, which requires generating a stitched image, *then* generating modified images from the stitched image, and then *blending the modified images* with the bridge frame. Where, as here, factual allegations are inconsistent with the claimed infringement, the Federal Circuit has held a plaintiff "has essentially plead itself out of court" and its claims should be dismissed.  *See e.g.*, *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) (dismissing infringement claims when "the factual allegations are actually inconsistent with and contradict infringement.").

VDPP's direct infringement allegations fail to articulate any plausible claim for relief and dismissal is appropriate.

**B.     VDPP's indirect infringement claims should also be dismissed**.

The Supreme Court has made clear that to survive a motion to dismiss, claims for induced and/or contributory infringement must plead facts plausibly showing that the accused infringer: (1) knew of the patent, and (2) knew as well that the acts of

the third-party constitute patent infringement.  *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 (2011) ("[I]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."); *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) ("Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."), citing *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964).  The Federal Circuit has reiterated that precedent, stating for an induced infringement claim "to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party's] act constituted infringement.'"  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (alterations in original) (quoting *In re Bill of Lading Transmission and Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

VDPP's Complaint does not allege any facts that, if taken as true, would plausibly support an inference *either* that Ford had pre-suit knowledge of the Patents-in-Suit *or* that Ford had pre-suit knowledge of acts constituting infringement of the Patents-in-Suit.  For induced and contributory infringement for each of the Patents-in-Suit, VDPP's Complaint alleges only generic, identical allegations that Ford has "actively encouraged or instructed others . . . on how to use its products and services . . . such as to cause infringement."  ECF No. 1, PageID.3-7, at ¶¶10-

14

11, 17-18, and 24-25. These sorts of formulaic conclusions do not state a plausible claim of induced or contributory infringement.

District courts, including this Court, have routinely dismissed indirect infringement claims that rely merely on conclusory allegations of knowledge of the patent and third-party infringement. *See, e.g.*, *Schwendimann v. Stahls', Inc.*, 510 F. Supp. 3d 503, 514 (E.D. Mich. 2021) (dismissing indirect infringement claims because "factual allegations do not set forth discussions about 'how' defendant infringes the [] patents-in-suit . . . amount[ing] to nothing more than an unexplained belief."); *Mich. Motor Tech.*, 472 F.Supp.3d at 387 (dismissing contributory infringement claim that "merely parrot[s] the required elements for a contributory infringement claim" and providing "no *factual* allegations to support its conclusion.") (alteration and emphasis in original); *Nanosys, Inc. v. QD Vision, Inc.*, C.A. No. 16-cv-01957, 2016 WL 4943006, *4 (N.D. Cal. Sep. 9, 2016) (dismissing indirect infringement claims because allegation that defendant's founders and key employees were aware of and knowledgeable about developments and patent filings in the field "is insufficient to support an inference that [defendant] had knowledge of the patent prior to the filing of this lawsuit. [Defendant] could not have intended to infringe upon a patent of which it had no knowledge."); *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232-33 (D. Del. 2012) (dismissing indirect infringement claim because neither (i) actual knowledge of a related patent, nor (ii)

participation in the same market as plaintiff was sufficient to establish actual knowledge of the patent-in-suit); *Boundaries Solutions Inc. v. CoreLogic, Inc.*, C.A. No. 5:14-cv-00761-PSG, 2014 WL 7463708, *2 (N.D. Cal. Dec. 30, 2014) (dismissing indirect infringement claim because allegation that "[defendant] knew [plaintiff] would likely file a patent application related to its technology" insufficient to support a plausible inference that defendant had actual knowledge of the patent-in-suit.); *Wi-Lan USA, Inc. v. Research in Motion Limited*, C.A. No. 12-cv-24349, 2013 WL 12092486, *3 (S.D. Fl. Jun. 6, 2013) (dismissing indirect infringement claim for failure to adequately allege pre-suit knowledge of the patent-in-suit).

Because VDPP offers mere conclusions not facts, the Court should dismiss VDPP's inducement and contributory infringement claims.

## IV.  CONCLUSION

For the foregoing reasons, this Court should dismiss VDPP's Complaint for failing to plausibly allege direct and indirect infringement.

Dated: August 28, 2023

By:  */s/ Stephanie A. Douglas*
Stephanie A. Douglas (P70272)
douglas@bsplaw.com
Bush Seyferth PLLC
100 W. Big Beaver Rd., Suite 400
Troy, MI 48084
Telephone: (248) 822-7800
Facsimile: (248) 822-7852

Justin E. Pierce
JEPierce@Venable.com
Charles J. Monterio, Jr.
CJMonterio@Venable.com
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
Phone: (202) 344-4569

J. Daniel Kang
JDKang@Venable.com
VENABLE LLP
151 West 42nd Street, 49th FL
New York, NY 10036
Phone: (212) 503-9838

*Attorneys for Defendant*
*Ford Motor Company*

17